IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARVIN JAVIER ACOSTA-ERAZO,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>3:25-cr-00018-TES-CHW-1 |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Marvin Javier Acosta-Erazo's First Unopposed Motion to Continue Trial [Doc. 17]. A pretrial conference is scheduled in this matter for August 4, 2025, and trial is currently set to begin September 22, 2025. The government does not oppose this continuance. [Doc. 17, p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On July 8, 2025, the Grand Jury returned a one-count Indictment [Doc. 1] charging Defendant Acosta-Erazo with one count of Illegal Reentry in violation of 8 U.S.C. § 1362(a). On July 15, 2025, Defendant Acosta-Erazo was arraigned, pled not guilty, and was ordered detained pending trial. [Doc. 8]; [Doc. 9; [Doc. 11].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

In any case in which a plea of not guilty is entered, the trial of a defendant

> charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Defendant Acosta-Erazo requests a continuance so that he has more time to review the discovery for his case (which will require the use of an interpreter). [Doc. 17, p. 2]. For this reason, the Court **GRANTS** Defendant Acosta-Erazo's First Unopposed Motion to Continue Trial [Doc. 17]. 18 U.S.C. § 3161(h)(7)(A). The Court **CONTINUES** this case to ***October 20, 2025***. The ends of justice served by this continuance outweigh the best interests of the public and Defendant Acosta-Erazo in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for excusable delay. The pretrial conference set for August 4, 2025, is **CANCELED**, and, unless otherwise noticed, the Court will hold a pretrial conference for this case on September 3, 2025, in

Athens, Georgia.

    **SO ORDERED**, this 21st day of July, 2025.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**